IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02405–REB–KMT

JOHN WOLCOTT,
ROXANNA WOLCOTT, and
WOLCOTT, LLC, a Colorado Limited Liability Company,

    Plaintiffs,

v.

GARY DENNING, an individual,
BRETT CURFMAN, an individual, and
LAWRENCE DANNY MOORE, an individual,

    Defendants.

## ORDER

This matter is before the court on Plaintiffs' "Unopposed Motion for Leave to File First Amended Complaint" (Doc. No. 36, filed March 1, 2011).

This case was removed from Mesa County District Court on October 4, 2010. (Doc. No. 1.) Plaintiffs' initial complaint asserts claims for breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, tortious interference with contract, intentional interference with prospective business relation, and defamation. (*See* Doc. No. 1-5.) Plaintiffs now wish to amend their complaint (1) to join a defendant, Quantum Land Services, LLC, which Plaintiffs states is the legal entity formed by the current defendants "to further their wrongful actions against Plaintiffs;" (2) to add factual allegations that the individual defendants engaged

in a civil conspiracy to accomplish their wrongful goals; and (3) to demand a trial by jury. (Doc. No. 36 at 2.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Plaintiffs represent that the Motion is unopposed. The deadline for joining parties and amending pleadings was set by this at March 1, 2011 (Doc. No. 28); therefore, Plaintiffs' Motion is timely. Further, the case is in the early stages of litigation. Moreover, upon review of the proposed First Amended Complaint and the Motion, the court finds that there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

Plaintiffs' "Unopposed Motion for Leave to File First Amended Complaint" (Doc. No. 36) is GRANTED.  The Clerk of Court shall file Plaintiff's "First Amended Complaint" and the exhibits attached thereto (Doc. Nos. 36-1 through 36-6).

Dated this 1st day of March, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge