UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02405-REB-KMT

JOHN AND ROXANA WOLCOTT, and
WOLCOTT, LLC, a Colorado Limited Liability Company,

    Plaintiffs,

v.

GARY DENNING, an individual;
BRETT CURFMAN, an individual;
LAWRENCE DANNY MOORE, an individual, and
QUANTUM LAND SERVICES, LLC, a Nevada Limited Liability Company,

    Defendants.
_____

**STIPULATED PROTECTIVE ORDER**
_____

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the

3. Information designated "CONFIDENTIAL" shall be information that implicates the proprietary, competitive and business interests of the parties and third-parties involved in the litigation (including, without limitation, any document, file, portion of files, transcribed testimony, response to a discovery request, and any copy made therefrom). CONFIDENTIAL information shall not be disclosed or used for any purpose except in pretrial discovery, in preparation for trial, at the trial, or for any appeals of this action.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a. attorneys actively working on this case and persons employed in the firms of such attorneys;

   b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   c. the parties;

   d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   e. the Court and its employees;

   f. stenographic reporters who are engaged in proceedings necessarily

2

        g.    other persons by written agreement of the parties.

5.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL" or by designating them as CONFIDENTIAL in correspondence from the party designating such documents as CONFIDENTIAL. The first method is to be used whenever possible when the party producing the documents is also the party which designates them CONFIDENTIAL.

6.    Producing or receiving materials or otherwise complying with the terms of this Protective Order shall not:

        a.    operate as an admission by any party that any particular discovery material contains or reflects any CONFIDENTIAL information or a trade secret under applicable law;

        b.    prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise;

        c.    prejudice in any way the rights of a party to seek a determination from the Court regarding whether particular discovery materials should be produced; or

        d.    prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of information as that party may consider appropriate.

7.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the portions of the deposition containing such information shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed timely, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. The following stipulations and procedures will govern the inadvertent disclosure of materials protected by the attorney-client privilege, work product doctrine, or other privilege or immunity:

    a. In the event any documents are produced that the producing party later

    b. If during the receiving party's review of documents from the producing party, the receiving party discovers a document that appears on its face to be protected by the attorney-client privilege, work product doctrine, or other privilege or immunity, the receiving party shall, within two (2) business days call the attention of the producing party to the document(s).  If the producing party claims a privilege over the documents, it must give the notice required by subparagraph (a) within three (3) business days thereafter, from receipt of which subparagraph (a) will govern the receiving party's obligations.

    c. Inadvertent production of privileged, work product protected, or immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection, or immunity, either as to the produced document or as to any other documents or communications.

    d. Return of information for which the producing party has asserted a claim

    e. If a document is identified as protected by the attorney-client privilege, work product doctrine, or other privilege in accordance with subparagraphs (a) and/or (b) above, the receiving party shall not make any use of the document or its contents, including, without limitation, as part of any publicly available court filing, and shall hold it in the strictest of confidence, unless and until the Court directs the production of the information as provided for in subparagraph (d) above.

  10. At the conclusion of this case, including any appeals or the expiration of time for initiating an appeal, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that (a) counsel for each party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents and (b) counsel for each party may disclose a copy of the CONFIDENTIAL documents to a malpractice insurance carrier without obtaining permission of the Court or providing written notice to counsel for the party that disclosed the documents.  Where the parties agree to destroy

11. This Stipulated Protective Order may be modified by written agreement of the parties or by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 6th day of May, 2011

APPROVED AS TO FORM AND CONTENT:

| s/ *Valerie Simons* | s/ *Kristi A. Walton* |
|---|---|
| Steven C. Choquette | Brett C. Painter |
| Valerie L. Simons | Kristi A. Walton |
| CHOQUETTE & SIMONS LLP | DAVIS GRAHAM & STUBBS LLP |
| 600 Grant Street, Suite 206 | 1550 Seventeenth Street, Suite 500 |
| Denver, CO 80203 | Denver, CO 80202 |
| Telephone: 303-863-7000 | Telephone: (303) 892-9400 |
| Facsimile: 303-474-6885 | Facsimile: (303) 893-1379 |
| steve@choquettesimons.com | brett.painter@dgslaw.com |
| valerie@choquettesimons.com | kristi.walton@dgslaw.com |
| ATTORNEYS FOR PLAINTIFFS John Wolcott, Roxana Wolcott, and Wolcott LLC | Attorneys for Defendants GARY DENNING, BRETT CURFMAN, LAWRENCE DANNY MOORE, and QUANTUM LAND SERVICES, LLC |

The foregoing Stipulated Protective Order is APPROVED and made an ORDER of this Court this 9th day of May, 2011.

BY THE COURT:

_____
United States Magistrate Judge